## UNITED STATES BANKRUTPCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-61855-MGD |
| | ) | |
| TODD ANTHONY SHAW, | ) | CHAPTER 7 |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 | ) | |
| Trustee for the Estate of | ) | |
| Todd Anthony Shaw, | ) | Adv. Pro. No. |
| | ) | |
|     Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TODD ANTHONY SHAW, | ) | |
| WAYNE JAY SHAW and | ) | |
| DOROTHY WILSON SHAW, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

S. Gregory Hays, Chapter 7 Trustee for the Estate of Todd Anthony Shaw (the "Trustee"), files this *Complaint* and shows the Court the following:

### Jurisdiction and Venue

1. This proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2. This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Todd Anthony Shaw ("Debtor"), Case No. 09-61855-MGD (the "Case"), pending in the Northern District of Georgia, Atlanta Division.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

2729408v2

1334 and 157 and 11 U.S.C. § and 542(a).

4. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (E), and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Background**

6. On January 26, 2009 (the "Petition Date"), the Debtor filed a voluntary petition constituting an order for relief pursuant to 11 U.S.C. § 301 thereby initiating the Case.

7. On or about the Petition Date, the Trustee was appointed interim Chapter 7 Trustee.

8. The meeting of creditors was concluded on June 29, 2009, pursuant to 11 U.S.C. § 341(a), at which time the Trustee became the permanent chapter 7 trustee pursuant to 11 U.S.C. § 702(d).

9. As of the Petition Date, the Debtor owned real property commonly known as 1010 Forest Overlook Drive, Atlanta, Fulton County, Georgia 30331 (the "Property").

10. The Property is property of the estate.

11. Upon information and belief, the Debtor, Wayne Jay Shaw ("W. Shaw"), and Dorothy Wilson Shaw ("D. Shaw"; the Debtor, W. Shaw and D. Shaw are collectively the "Defendants"), currently occupy the Property.

12. On December 1, 2009, the Trustee and the Georgia Department of Revenue ("GDR") entered into the *Joint Stipulation and Settlement Agreement Between Trustee and Georgia Department of Revenue* (the "Settlement Agreement"), which provided for a carve-out of GDR's tax liens on the Property in favor of the estate.

13. On December 2, 2009, the Trustee filed the *Motion for Approval of Settlement*

2729408v2

*Agreement Between Trustee and Georgia Department of Revenue* (the "Motion") [Docket No. 66], seeking approval of the Settlement Agreement.

14. On January 14, 2010, the Motion was heard by the Court.

15. On January 15, 2010, the Court entered the *Order Approving Settlement Agreement Between Trustee and Georgia Department of Revenue* [Docket No. 75], which granted the Motion.

16. On December 16, 2009, the Trustee filed *Application to Employ Real Estate Agent Under Listing Agreement* [Docket No. 71].

17. On December 17, 2009, the Court entered the *Order* [Docket No. 72] which granted *Application to Employ Real Estate Agent Under Listing Agreement* (the "Order").

18. The Defendants have been uncooperative in the marketing and showing of the Property and have refused to turn over a key to the Property or otherwise provide the Trustee or the listing agents with access to the Property.

### Count I
### Request for Turnover

19. The Trustee re-alleges paragraphs 1 through 18 above as if set forth herein verbatim.

20. The Property is property of the estate.

21. Pursuant to 11 U.S.C. § 542(a) the Defendants must immediately turnover the Property to the Trustee.

### Count II
### Compliance with the Debtor's Duties

22. The Trustee re-alleges paragraphs 1 through 21 above as if set forth herein verbatim.

2729408v2

23.     Pursuant to 11 U.S.C. § 521(a)(4) and Rule 4002(4) of the Federal Rules of Bankruptcy Procedure, the Debtor must surrender the Property to the Trustee.

### Count III
### Injunctive Relief

24.     The Trustee re-alleges paragraphs 1 through 23 above as if set forth herein verbatim.

25.     The Trustee seeks an injunction preventing the Defendants from entering the premises, committing any waste to the Property, and compelling the Defendants to turn over the Property to the Trustee in a clean, broom-swept condition.

WHEREFORE, Plaintiff prays that this Court enter an order and judgment:

a) requiring the turnover of the property; and

b) enjoining the Defendants from entering the premises, committing any waste to the Property and compelling the Defendants to turn over the Property to the Trustee; and

c) grant such other and further relief as is just and proper.

ARNALL GOLDEN GREGORY LLP

*/s/ Neil C. Gordon*
Neil C. Gordon
State Bar No. 302387
171 17th Street, NW
Suite 2100
(404) 873-8500
neil.gordon@agg.com
Attorneys for Chapter 7 Trustee

2729408v2